DAVIS & GILBERT LLP
Guy R. Cohen
Shira Franco
1740 Broadway
New York, NY 10019
gcohen@dglaw.com
sfranco@dglaw.com
(212) 468-4800
*Attorneys for Defendant Company C Communications, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH AYRES,<br><br>Plaintiff,<br><br>-against-<br><br>COMPANY C COMMUNICATIONS, LLC,<br><br>Defendant. | 08 Civ. 4780 (BSJ)<br><br>**ANSWER** |

Defendant Company C Communications, LLC ("Company C" or "Defendant"), by its attorneys Davis & Gilbert LLP, for its Answer to the Complaint of Plaintiff Ruth Ayres ("Plaintiff"), states as follows:

### Parties and Jurisdiction

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Admits the allegations set forth in paragraph 2 of the Complaint.

3. The allegations in paragraph 3 of the Complaint constitute legal conclusions as to which no response is required.

4. The allegations in paragraph 4 of the Complaint constitute legal conclusions as to which no response is required.

5. The allegations in paragraph 5 of the Complaint constitute legal conclusions as to which no response is required.

### As And For a First Claim for Relief

6. Denies the allegations set forth in paragraph 6 of the Complaint, except admits that Plaintiff was retained by MDC Partners Inc. on or about November 5, 2007 to provide consulting services to Company C.

7. Denies the allegations set forth in paragraph 7 of the Complaint, except admits that Plaintiff, in her capacity as a consultant, assisted Company C with its Weight Watchers pitch and evaluated certain aspects of Company C's business operations.

8. Denies the allegations set forth in paragraph 8 of the Complaint, except admits that Plaintiff attended a breakfast meeting with Miles Nadal and Gavin Swartzman at the Regency Hotel in New York and that their discussions related to, among other things, Company C and Mr. Nocca.

9. Denies the allegations set forth in paragraph 9 of the Complaint.

10. Denies the allegations set forth in paragraph 10 of the Complaint, except admits that Plaintiff's responsibilities as a consultant included assisting Mr. Nocca with Company C's business development efforts and business operations.

11. Admits the allegations set forth in paragraph 11 of the Complaint.

12. Admits the allegations set forth in paragraph 12 of the Complaint.

13. Denies the allegations set forth in paragraph 13 of the Complaint, except admits that Plaintiff received a revised offer of employment by Company C on or about March 25, 2008.

14. Denies the allegations set forth in paragraph 14 of the Complaint, except admits that Plaintiff received an offer of employment by Company C on or about March 25, 2008 and respectfully refers the Court to the offer of employment for its true and complete contents.

15. Denies the allegations set forth in paragraph 15 of the Complaint.

16. Admits the allegations set forth in paragraph 16 of the Complaint.

17. Denies the allegations set forth in paragraph 17 of the Complaint.

18. Denies the allegations set forth in paragraph 18 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she continued to work on assignments for Company C.

19. Denies the allegations set forth in paragraph 19 of the Complaint, except admits that a letter authored by Mitchell Gendel dated April 10, 2008 was delivered by Mr. Nocca to Plaintiff on April 10, 2008, and respectfully refers the Court to the letter for its true and complete contents.

20. Denies the allegations set forth in paragraph 20 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she performed work for Company C on April 11, 2008, and admits that Plaintiff entered Company C's office on April 14, 2008.

21. Denies the allegations set forth in paragraph 21 of the Complaint, except admits that Mr. Nocca advised Plaintiff not to attend a management meeting on April 14, 2008.

22. Denies the allegations set forth in paragraph 22 of the Complaint, except admits that Plaintiff may have collaborated with other employees of Company C on a proposal for Virgin Atlantic, and that Mr. Nocca communicated to Plaintiff that April 14, 2008 would be her last day at Company C.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

As further, separate, and affirmative defenses, without assuming the burden of proof of any such defense that would otherwise rest with Plaintiff, Defendant alleges as follows:

### First Affirmative Defense

27. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

28. Plaintiff's claim fails because Defendant employed Plaintiff as an at-will employee.

### Third Affirmative Defense

29. Plaintiff's claim fails because Defendant rescinded Plaintiff's offer of employment.

### Fourth Affirmative Defense

30. Plaintiff's claim fails because, to the extent any employment agreement existed between Plaintiff and Defendant, Defendant had just cause to terminate Plaintiff's employment.

### Fifth Affirmative Defense

31. If damaged, which Defendant expressly denies, Plaintiff has failed to make reasonable efforts to mitigate damages.

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its right to amend the Answer and assert all such defenses.

WHEREFORE, Defendant Company C Communications, LLC requests that judgment be entered against Plaintiff Ruth Ayres as follows:

(1) Dismissing the Complaint in its entirety, with prejudice;

(2) Awarding Defendant its attorneys' fees, costs and disbursements incurred in defending this action; and

(3) Awarding such other and further relief as the Court deems just and proper.

Dated:  June 12, 2008
        New York, New York

DAVIS & GILBERT, LLP

By: _____
    Guy R. Cohen
    Shira Franco

1740 Broadway
New York, NY 10019
gcohen@dglaw.com
sfranco@dglaw.com
(212) 468-4800

*Attorneys for Defendant Company C Communications, LLC*