USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 7/15/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUTH AYRES,

           Plaintiff,

-against-

COMPANY C COMMUNICATIONS, LLC,

           Defendant.

08 Civ. 4780 (BSJ)(KNF)

**STIPULATED PROTECTIVE ORDER**

    Pursuant to Federal Rule of Civil Procedure 26(c), and in consideration of the mutual covenants contained herein, the undersigned counsel for the parties hereby stipulate as follows, and it is hereby ordered:

    1.    Any document or information produced by any party during the course of this litigation in response to any discovery request, including but not limited to, document requests, interrogatories, or requests for admission, may be designated as confidential by (a) stamping "Confidential" on the document at issue, and by including the legend "Confidential" next to responses to interrogatories and requests for admission; or (b) counsel's written designation of any document or information as "Confidential" made within ten (10) days of service of such document or information. Any document or information designated in accordance with this paragraph shall hereinafter be referred to as "Confidential Materials."

    2.    Confidential Materials shall be maintained in strict confidence by all persons permitted access to such Confidential Materials pursuant to the terms of this Stipulated Protective Order (the "Order"). However, the mere fact that any document or information is designated as "Confidential" pursuant to this Order shall not signify that any such document or

Information is in fact confidential or be construed as an admission that such document or information is confidential.

3. Deposition transcripts, or portions thereof, may be designated as "Confidential" by (a) making a statement to that effect on the record at the deposition, or (b) counsel's written designation of certain pages of the transcript as "Confidential" within ten (10) days of the receipt of the transcript by attorneys for both parties.

4. Confidential Materials marked as "Confidential" shall not be used for any purpose except in connection with this litigation, and shall not be delivered or disclosed, in whole or in part, to any person except (a) the Court and its officers (including court reporters); (b) counsel of record for the parties and their staff, as well as employees of third party vendors engaged to provide litigation support services, (c) the parties, and any current employees of the parties who are involved in the prosecution, defense, and/or appeal of this action, (d) the parties' independent experts retained in connection with this action, and (e) non-party deposition and trial witnesses if, from the face of the Confidential Materials, it appears that they previously received the particular Confidential Materials in question prior to the commencement of this action.

5. Any person (other than persons described in subsections (a) and (b) of paragraph 4) to whom delivery or disclosure of any Confidential Materials is made shall be advised of the terms of this Order by counsel.

6. If Confidential Materials are included in any papers to be filed in Court, the party desiring to file such Confidential Materials shall notify the other parties of its desire to do so before filing the Confidential Materials. If any party believes such Confidential Materials should be filed under seal, the party shall file a motion for an order requesting that the Confidential Materials be filed under seal.

2

7. Within thirty (30) days after the final disposition of this action, including all appeals, all Confidential Materials shall either be returned to the party that produced them at that party's expense or be destroyed; *provided however*, that counsel and the parties may retain copies of pleadings and other papers filed in this Court even if such court papers include Confidential Materials. Upon request of the producing party, and not more than sixty (60) days after final disposition of this action, including appeals, counsel who received the Confidential Materials shall deliver a written certification certifying compliance with the terms of this Order to counsel for the party that produced the Confidential Materials.

8. If, through inadvertence, a producing party discloses any document or information that it believes should have been designated as "Confidential" it may subsequently, within a reasonable period after the discovery of such inadvertence, designate such document or information as "Confidential." After such designation is made, all receiving parties shall treat the Confidential Materials accordingly. If any Confidential Materials have been disclosed by the receiving party prior to the designation, the receiving party shall notify the producing party and shall also make a good faith effort to have the Confidential Materials returned.

9. Any party may object to the designation of any document or information as "Confidential" pursuant to this Order, and in any motion regarding such designation, the designating party shall have the burden of establishing that the designation is appropriate. Counsel for the parties shall meet and confer in an attempt to resolve any disputes about the designation or treatment of any document or information before presenting such disputes to the Court.

10. Each person or entity that produces or receives discovery materials hereby agrees to subject itself to the jurisdiction of this Court for the purpose of any proceedings related to the enforcement of this Order.

Dated: July 10, 2008
New York, New York

By: /s/ Bennett H. Last                    By: /s/ Guy R. Cohen
    Bennett H. Last                            Guy R. Cohen
                                               Shira Franco

GILBRIDE, TUSA, LAST & SPELLANE LLC        DAVIS & GILBERT LLP
708 Third Avenue                           1740 Broadway
26th Floor                                 New York, New York 10019
New York, New York 10017                   (212) 468-4800
(212) 692-9666                             gcohen@dglaw.com
BHL@gtlsny.com                             sfranco@dglaw.com

*Attorneys for Plaintiff*                  *Attorneys for Defendant*


SO ORDERED:  7/14/08

/s/ Kevin Nathaniel Fox
HON. KEVIN NATHANIEL FOX
United States Magistrate Judge

4